UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
GREEN CHARTERING AS,
d/b/a GREEN REEFERS,
                Plaintiff,

v.

STEPHANSEN SEAFOODS AS,
                Defendant.

MARITIME TERMINAL, INC.,
                Garnishee.
------------------------------------------------------------x

04 10450 DPW

CIVIL ACTION NO.
IN ADMIRALTY

MAGISTRATE JUDGE Bowley

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED yes
LOCAL RULE 4.1 ✓
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. FGM
DATE 3/5/04

**VERIFIED COMPLAINT**

NOW COMES plaintiff, GREEN CHARTERING AS, d/b/a GREEN REEFERS, by and through its attorneys, complaining of the above-named defendant, alleges as follows upon information and belief:

Jurisdiction

1.     Jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim for maritime contract of carriage within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiffs invoke the maritime procedures and relief specified in Rule 9(h) and Rule B of the Supplemental Rules for Certain Maritime and Admiralty Claims of the Federal Rules of Civil Procedure for the foreign attachment and garnishment of defendant's property (hereinafter referred to as "Supplemental Rule B").

## Parties

2.      Plaintiff, Green Chartering AS, d/b/a Green Reefers (hereinafter referred to as "Green Reefers"), is a foreign corporation or other business entity with an office and place of business located at Ulsmågveien 7, P. O. Box 94, Nesttun, NO-5852 Bergen, Norway who was, and is now, engaged in the business of common carriage of merchandise by water for hire, and who did and still does own, operate, manage, and control the m/v GREEN SUMMER, m/v MAGIC, and m/v GREEN TUNDRA.

3.      Defendant, Stephansen Seafoods AS, is a foreign corporation or other business entity with an office and place of business located at Skippergt 2, P. O. Box 63, NO- 9615 Hammerfest, Norway.  At all times material hereto, defendant was the shipper and owner of certain cargo under bills of lading described below.  Upon information and belief, defendant does not have an office or place of business within the District of Massachusetts and cannot be found within this District and the jurisdiction of this Honorable Court within the meaning of Supplemental Rule B; however, defendant has property within this District, to wit, a certain quantity of palletized frozen fish, formerly laden on board the above-named vessels and now within the possession of garnishee at its New Bedford cold storage facility, and now within this District and the jurisdiction of this Honorable Court during the pendency of this action.

4.      Garnishee, Maritime Terminal, Inc., is a Massachusetts corporation with an office and place of business located at 276 MacArthur Drive, New Bedford, Massachusetts 02740.

Factual Allegations

5. From June 27, 2003 through November 13, 2003, defendant was the shipper and owner of certain shipments of palletized frozen fish for which bills of lading were issued by plaintiff, which shipments were carried aboard vessels owned or operated by plaintiff from the port of Aalesund, Norway to New Bedford, Massachusetts, and there delivered to plaintiff or its respective consignees pursuant to the terms of the aforesaid contracts of carriage. Copies of the relevant shipping documents are attached hereto and marked collectively as Exhibit A.

6. In connection with the aforesaid shipments, defendant agreed and otherwise became obligated to pay plaintiff the accrued freight and related charges in the total amount of USD $17,528.73.

7. Despite demands by plaintiff, defendant has failed to pay the said freight and related charges in connection with the said shipments and there is due and owing to plaintiff from defendant the total amount of USD $17, 528.73, plus interest.

8. Plaintiff has duly performed all conditions and obligations on its part to be performed under the said contracts of carriage.

9. Upon information and belief, garnishee has now, or will have, in its possession certain property of defendant, to wit, a certain quantity of palletized frozen fish in cold storage.

Cause of Action
(Breach of Contracts of Carriage)

10. Plaintiff repeats and reiterates the allegations contained in Paragraphs 1 through 9 of this Verified Complaint with the same force and effect as if set forth fully herein.

11.     By reason of these premises, defendant has breached the terms of the aforesaid contracts of carriage by failing to pay the accrued freight and related charges due.

12.     As a direct and proximate result of the foregoing, plaintiff has sustained damages in the amount of USD $17, 528.73, as nearly as the same can now be estimated, no part of which has been paid by defendant although duly demanded.

W H E R E F O R E, plaintiff prays that this Honorable Court adjudge as follows:

(i)     That process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the *in personam* defendant, citing it to appear and answer under oath to each and all of the matters aforesaid;

(ii)    That if the *in personam* defendant cannot be found within this District, then all of its property within this District be attached by process of foreign attachment to the amount USD $17,528.73, the sum set forth in this Verified Complaint, together with interest, costs, attorneys' fees and disbursements of plaintiff;

(iv)    That if, for any reason, it is alleged and/or found that plaintiff is not entitled to attachment of defendant's property by process of foreign attachment under Supplemental Rule B, then plaintiff invokes the provisions of Chapter 246 of the Massachusetts General Laws, and prays that process in due form of law issue pursuant to the aforesaid provisions and Rule 4(e) and Supplemental Rule B(1);

(v)     That this Honorable Court enter an order, judgment, and decree in favor of plaintiff against defendant for the amount of plaintiff's damages asserted herein, together with interest, costs, attorneys' fees and disbursements of plaintiff;

(vi)    That the property of the *in personam* defendant be condemned and sold to pay the demands stated above, with interest, costs, attorneys' fees and disbursements of plaintiff; and

(vii)   That plaintiff have such other and further relief as to this Honorable Court and justice may deem just, proper, and appropriate under the circumstances of these premises.

-5-

Dated: March 5, 2004                                   Respectfully submitted,

                                                             GREEN CHARTERING AS,
                                                             d/b/a GREEN REEFERS,
                                                             By its attorneys,

                                                           NORMAN A. PELOQUIN, II P.C.

                                                           _____
                                                           Norman A. Peloquin, II
                                                           (BBO No. 550872)
                                                           Morad Building
                                                           460 County Street
                                                           New Bedford, MA 02740
                                                           Tel. 508.991.2300
                                                           Fax 508.991.8300

<u>Verification</u>

Norman A. Peloquin, II, hereby states under the penalty of perjury pursuant to 28 USC §1746 that:

1. I am a member of the bar of the Commonwealth of Massachusetts and this Honorable Court;

2. I am the attorney for plaintiff in the above-captioned action;

3. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

4. The source of my information are the business records and documents of plaintiff.

5. The reason that this verification is made by me and not by plaintiff is that plaintiff is a foreign corporation, no officer or director of which is now located within this District.

I certify under the penalty of perjury that the foregoing is true and correct on this 5th day of March, 2004.

_____
Norman A. Peloquin, II